UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Graham Simmons, | ) C/A No. 8:08-1780-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) |
| Jay Lemacks, Agent, | ) **Report and Recommendation** |
| Defendant. | ) |

The Plaintiff, Graham Simmons (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Colleton County Detention Center, serving a ninety (90) day sentence for a probation revocation, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names Probation Agent, Jay Lemacks, as the sole Defendant.[2] Plaintiff claims he has been wrongfully imprisoned, subjected to "inhumane conditions of confinement", and denied access to the courts. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a

2

clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff indicates that his probation officer/agent, Jay Lemacks (Defendant), refused to place Plaintiff in a court-ordered drug rehabilitation program. The denial of a rehabilitation program allegedly caused Plaintiff to relapse into drug use, which resulted in the ninety (90) day probation revocation sentence Plaintiff was serving when he filed this case. Plaintiff claims the ninety (90) day period of incarceration constitutes wrongful imprisonment.

In addition, Plaintiff claims he has been denied access to the courts due to the Colleton County Detention Center (CCDC) having no law library "or any type of legal assistance." Plaintiff further indicates he has been subjected to "neglect, inhumane conditions of confinement", but fails to provide any facts to support this assertion. Plaintiff seeks monetary damages, "injunctive relief", termination of Defendant's employment, and termination of probation.[3]

---

[3] To the extent Plaintiff seeks immediate or speedier release from confinement, he cannot obtain such relief under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254, however, such relief can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973)(the exhaustion requirement "applies to all habeas corpus actions").

Discussion

The instant civil rights action arises out of Plaintiff's imprisonment for a violation of probation. Plaintiff claims the Defendant's actions, denial of a rehabilitation program, resulted in Plaintiff's drug relapse, probation violation/revocation, and wrongful imprisonment. Plaintiff seeks monetary damages and further requests that the Defendant "be barred from his position."

The § 1983 complaint is subject to summary dismissal because it fails to state a claim on which relief may be granted and has no arguable basis in law. The Supreme Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*, 512 U.S. at 486-87; *See also Edwards v. Balisok*, 520 U.S. 641 (1997)(the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)(action challenging validity of parole proceedings calls into question fact of confinement and thus is subject to *Heck*).

A favorable determination on the merits of the Plaintiff's claims in this § 1983 action would require a finding that his imprisonment is invalid. The United States Supreme Court

4

states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487. The Plaintiff has not demonstrated that he has successfully challenged the lawfulness of his confinement, so the complaint must be dismissed.

Until the Plaintiff's imprisonment is established as unlawful, a § 1983 action based on the imprisonment will be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477. *See also Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist). Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996)(following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations"); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).[4]

In regards to Plaintiff's "denial of access" claim, Plaintiff states that the CCDC provides no law library or "legal assistance." The Fourth Circuit has held that local jails, designed for

---

[4] In *Wallace v. Kato*, 127 S.Ct.1091 ( 2007), the United States Supreme Court held that *Heck v. Humphrey* cannot be applied in the pre-trial context. Although Plaintiff is incarcerated in a local detention center, *Wallace v. Kato* is not applicable in this case. Plaintiff has an existing conviction for probation violation and is serving that sentence at the detention center. As *Heck v. Humphrey* still applies in the context of an existing conviction, Plaintiff's § 1983 claim is barred by that decision.

5

temporary detainment, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). It is also well established that, in order to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration); *Michau v. Charleston Co.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). Plaintiff must make specific allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). In the present case, Plaintiff provides no facts regarding any injury sustained or prejudice caused by the CCDC's lack of a law library. Therefore, Plaintiff's access to courts claim is subject to summary dismissal.

Finally, Plaintiff's general statement that he has been subjected to "neglect, inhumane conditions of confinement" is insufficient to bring a claim under § 1983. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *See Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief.

6

*Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). As this Court is not required to develop tangential claims from scant assertions in the complaint, *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985), Plaintiff's vague and conclusory claim regarding prison conditions is subject to summary dismissal.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

                                                                                    s/Bruce Howe Hendricks
                                                                                    United States Magistrate Judge

June 3, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).